**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

ROGERS V. ATKINS                                    CIVIL ACTION NO. 26-0493

                                                    SECTION P
VS.
                                                    JUDGE JERRY EDWARDS, JR.

ROBERT W. KOSTELKA, ET AL.                          MAG. JUDGE KAYLA D. MCCLUSKY

**REPORT AND RECOMMENDATION**

Plaintiff Rogers V. Atkins, a prisoner at Elayn Hunt Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately February 13, 2026, under 42 U.S.C. § 1983.  He names the following Defendants: Judge Robert W. Kostelka, Judge B. Scott Leehy, Judge Lemmie O. Hightower, District Attorney Allen Harvey, District Attorney Robert S. Tew, Assistant District Attorney Joe Mickel, Public Defender John Randolph, Public Defender Michael A. Courteau, Austin T. Goodnight, Eddie H. Delamar, Jeanett M. Byrd, Deputy Sheriff Roy D. Lee, Gracie Pittman Drummond, and unknown defendants.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff claims that his indictment from March 9, 1982, is fraudulent and that his guilty plea and murder conviction from May 17, 1983, are invalid.  [doc. # 1].

Plaintiff suggests that his guilty plea amounted to a contract and that he has now performed all "conditions precedent of said contract."  [doc. # 1, p. 10].  He claims that a district

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

attorney failed to present his "case before a grand jury." *Id.* He claims that defendants conspired "in committing fraud and falsification of public records, i.e., court documents," signing documents "outside of the lawful jurisdiction of the court." *Id.* at 10-11. He claims that defendants fabricated evidence by submitting a bill of indictment which was never endorsed by a grand jury. *Id.* at 11. He goes on to list other instances of alleged fraud. *Id.* at 12.

Plaintiff seeks his "constitutional right to direct review/appeal" reinstated, a funded account to court, and document expenses. [doc. # 1, p. 16].

### Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra.*  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555).  "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice.  *Iqbal*, 556 U.S. at 677.

3

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).  Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Duplicative Claims**

The Court should dismiss Plaintiff's claims because they are duplicative and therefore legally frivolous and malicious.

"IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).  Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846

F.2d 1019, 1021 (5th Cir. 1988).  Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); *see Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").  District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted."  *Bailey*, 846 F.2d at 1021.

Here, Plaintiff's claims are substantially similar to, and arise from the same series of events as, claims and allegations in a proceeding that he filed before he filed the instant lawsuit: *Rogers V. Atkins v. District Attorney Morehouse Parish, et al.*, 3:17-cv-1514 (W.D. La. April 12, 2018).  There, the Court summarized: "The plaintiff asks this Court to declare that the fraudulent 'acts and omissions' by the defendants, which occurred during his criminal proceedings in Morehouse Parish in the 1980s, violated his constitutional rights.  He was indicted on March 9, 1982, and prosecuted on May 17, 1983 on one count of first degree murder."  *Id.* at Doc. 9.  The Court dismissed Plaintiff's claims with prejudice as frivolous and for failing to state a claim upon which relief may be granted.  *Id.* at Doc. 11.  The United States Court of Appeals for the Fifth Circuit dismissed Plaintiff's appeal as frivolous.  *Id.* at Doc. 23.

As the claims Plaintiff raises here are duplicative—and therefore legally malicious and legally frivolous—the Court should dismiss them with prejudice.[3]  *See Adele v. Rogers*, 669 F.

---

[3] That Plaintiff names some different defendants in this proceeding does not change the result. *See Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

App'x 264 (5th Cir. 2016).

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Rogers V. Atkins's claims be **DISMISSED WITH PREJUDICE** as legally duplicative, frivolous, and malicious.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 4th day of March, 2026.

Kayla Dye McClusky
United States Magistrate Judge

6